15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louie NICHOLS, Defendant-Appellant.
 No. 9210712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Jan. 27, 1994.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Louie Nichols appeals his conviction for conspiring to manufacture methamphetamine, in violation of 21 U.S.C. Sec. 846.
 
 I.
 
 4
 Nichols claims that insufficient evidence existed on which a jury could convict him of violating 21 U.S.C. Sec. 846. We review the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 II.
 
 5
 The essential elements of a conspiracy are: (1) an agreement to accomplish an illegal objective; (2) one or more overt acts in furtherance of the illegal objective; and (3) the requisite intent necessary to commit the underlying substantive offense. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986). These elements may be proven by circumstantial evidence that the defendants acted together for a common illegal goal. Id.
 
 
 6
 Nichols argues that the government did not present direct evidence of a conspiracy. The government, however, is not obligated to present such direct evidence, since a conspiracy may be proven by circumstantial evidence. Id. Given the overwhelming amount of evidence presented to the jury, we are convinced that the evidence was sufficient to establish the elements of a conspiracy. On the record before us, a rational jury could easily have found that Byers violated 21 U.S.C. Sec. 846.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3